Manjit Singh SAHI, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71576.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Manjit Singh Sahi, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. Sahi also petitions for review of the BIA's denial of his motion to remand to permit him to apply for relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review.

■ We review credibility findings for substantial evidence. See Pal v. INS, 204 F.3d 935, 938 (9th Cir.2000). Sahi testified that when he was admitted to the hospital on January 1, 1997, he was "unconscious" in the sense that he was helpless to do anything but observe things was not inconsistent with the hospital report. See Singh v. Ashcroft, 301 F.3d 1109, 1112 (9th Cir.2002). Substantial evidence does not support the IJ's adverse credibility finding based on a discrepancy between Sahi's testimony and the hospital report regarding his head injury because the IJ did not address Sahi's plausible explanation. See Garrovillas v. INS, 156 F.3d 1010, 1013 (9th Cir.1998). In addition, the IJ improperly relied on minor inconsistencies in the hospital report as a basis for finding Sahi not credible. See Singh, 301 F.3d at 1113.

■ The IJ's finding that Sahi was not credible because he failed to submit a birth certificate or proof of membership in the All India Sikh Student Federation ("AISSF") is not supported by substantial evidence. Sahi did provide three affidavits from relatives and the sarpanch of his village attesting to his identity, member-ship in AISSF, his arrest by the police and admittance to the hospital on January 1, 1997. See Gui v. INS, 280 F.3d 1217, 1227 (9th Cir.2002) (when a petitioner has provided some corroborating evidence, he should not be penalized for failing to produce still more corroborating evidence).

Because the IJ's adverse credibility determination was not supported by substantial evidence, we remand to the BIA for further proceedings as to whether Sahi has met the criteria for asylum, withholding of removal, or CAT relief. See INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

